# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

July 16, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| SOUTHEAST DRILLING & BLASTING SERVICES, INC., | ) ) | |
| Plaintiff/Appellee, | ) ) | Rutherford Chancery |
| VS. | ) ) | No. 97CV-60 |
| BRS CONSTRUCTION COMPANY, | ) ) | Appeal No. |
| Defendant/Appellant | ) ) | 01A01-9706-CH-00272 |
| and | ) ) | |
| STONES RIVER PLACE LTD., ED BOYD EXCAVATING, INC., | ) ) ) | |
| Defendants/Appellees. | ) | |

APPEAL FROM THE CHANCERY COURT  FOR RUTHERFORD COUNTY
AT MURFREESBORO, TENNESSEE

THE HONORABLE DON R. ASH, CHANCELLOR

For Southeast Drilling & Blasting
Services, Inc.:

Frank Grace, Jr.
Dana C. McLendon, III
Waller Lansden Dortch & Davis
Nashville, Tennessee

For Stones River Place, Ltd and
BRS Construction:

William W. Gibson
James C. Bradshaw, III
Wyatt Tarrant & Combs
Nashville, Tennessee

Charles M. Levy
Coral Gables, Florida

For Ed Boyd Excavating, Inc.:

Wm. Kennerly Burger
Murfreesboro, Tennessee

Jack E. Seaman
Nashville, Tennessee

## VACATED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# MEMORANDUM OPINION

This extraordinary appeal involves a dispute over whether discovery should be stayed pending resolution of a motion to compel arbitration. Since the application and answers fully set forth the parties' positions and the material facts, we dispense with further briefing and oral argument and proceed to the merits of the appeal in order to save the parties additional time and expense.[1] We find that this is a proper case for an extraordinary appeal because the trial court should resolve the motion to compel arbitration prior to allowing any proceedings related to the merits. Therefore, in accordance with Tenn. Ct. App. R. 10(b),[2] we vacate the order directing that depositions be held within thirty days and reserving judgment on the motion to compel arbitration for forty-five days and remand the case to the trial court for further proceedings in accordance with this opinion.

## I.

Stones River Place, Ltd. hired BRS Construction Company as the general contractor for the construction of a multi-unit residential development on land owned by Stones River Place. BRS Construction entered into three contracts with Ed Boyd Excavating, Inc. for site work, paving, and utilities. Each of these contracts provided that "[a]ny controversy or claim between the Contractor and the Subcontractor arising out of or related to this Subcontract or the breach thereof, shall be settled by arbitration . . ." Ed Boyd Excavating subsequently entered into a subcontract with Southeast Drilling and Blasting Services, Inc. to perform a portion of its subcontract.

On August 23, 1996, Southeast Drilling served a notice of non-payment on BRS Construction and Stones River Place in compliance with the materialman's

---

[1]Pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 24-26 and 29. We also find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c).

[2]Tenn. Ct. App. P. 10(b) provides:
> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

lien laws and, on October 18, 1996, Southeast Drilling filed liens on the property. On January 16, 1997, Southeast Drilling filed suit to enforce its liens in the Chancery Court for Rutherford County. Ed Boyd Excavating filed a cross-claim against BRS Construction and Stones River Place alleging, among other claims, breach of contract.

On May 16, 1997, Ed Boyd Excavating filed a motion to compel the appearance of the two principals of BRS Construction, Bill Starnes and Bob R. Starnes, for depositions. On May 23, 1997, BRS Construction moved to compel arbitration pursuant to Tenn. Code Ann. §§ 29-5-302, -303 (Supp. 1996). On June 16, 1997, the trial court reserved judgment on the motion to compel arbitration for forty-five days but directed that Bob R. Starnes, Sr., Bob R. Starnes, Jr. and Bill Starnes be made available for depositions within thirty days. On June 27, 1997, Ed Boyd Excavating moved to stay the pending arbitration which BRS Construction had previously filed with the American Arbitration Association. The trial court announced from the bench its decision to stay the arbitration proceedings but no order reflecting that ruling has yet been entered.[3]

On June 24, 1997, BRS Construction filed this application for an extraordinary appeal, asserting that the trial court erred in compelling discovery while its motion to compel arbitration was pending. BRS Construction subsequently filed a motion for a stay pending appeal. On June 26, 1997, this court ordered the parties to file an answer to the application within ten days. Southeast Drilling has responded that the trial court should have stayed the proceedings until a decision is reached on the motion to compel arbitration. Ed Boyd Excavating has responded in opposition to the application and contends that discovery is necessary in order to determine whether the motion to compel arbitration should be granted.

## II.

---

[3]BRS Construction has filed a supplemental application for an extraordinary appeal requesting that this court reverse the trial court's decision to stay the arbitration. We decline to address this issue because no order has yet been entered. Once entered, the order resolving the motion to stay arbitration may be appealable as of right pursuant to Tenn. Code Ann. § 29-5-319 (Supp. 1996) and Tenn. R. App. P. 3(a).

Arbitrating disputes is favored by the state, federal, and common law. *Dewitt v. Al-Haddad*, App. No. 89-394-II, 1990 WL 50727, at *7 (Tenn. Ct. App. April 25, 1990) (No Tenn. R. App. P. 11 application filed). By enacting the Uniform Arbitration Act, the General Assembly has embraced a legislative policy favoring enforcement of agreements to arbitrate. *Buraczynski v. Eyring*, 919 S.W.2d 314, 317 (Tenn. 1996).

Tenn. Code Ann. § 29-5-303 enables courts to make summary determinations concerning whether a party is entitled to arbitration. *Samson v. Hartsville Hospital*, App. No. 01A01-9609-CH-00430, 1997 WL 107167, at *2 (Tenn. Ct. App. March 12, 1997) (No Tenn. R. App. P. 11 application filed). Tenn. Code Ann. § 29-5-303(a) provides that, when one party shows the existence of an arbitration agreement and the other party denies the existence of an agreement, "the court shall proceed summarily to the determination of the issue so raised . . ." Tenn. Code Ann. § 29-5-303(b) also provides that, when a party has moved to stay an arbitration proceeding and a dispute exists with regard to the arbitration agreement, the issue "shall be forthwith and summarily tried." Tenn. Code Ann. § 29-5-303(d) further provides that: "Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section . . ."

These provisions evidence a clear statutory intent that courts determine whether a party is entitled to arbitration prior to conducting any proceedings related to the merits. Thus, the normal course of proceedings is first to resolve the issue of whether the parties should be required to arbitrate. All other proceedings on the merits, including discovery, should be stayed pending this determination.

Like any other contract right, the right to arbitration can be waived. The answer of Ed Boyd Excavating indicates that the record currently before the trial court does not contain sufficient facts to determine whether a waiver has occurred. Thus, some discovery may be necessary to enable the trial court to determine whether the motion to compel arbitration should be granted. Such discovery should be limited to matters relevant to the motion to compel arbitration and any disputes concerning whether particular discovery is related to this issue shall be resolved by the trial court.

## III.

For the reasons stated herein, we vacate the trial court's June 16, 1997 order and remand the case with directions to enter an order staying all proceedings on the merits pending a resolution of the motion to compel arbitration. The order may provide for discovery only with regard to the issue of whether the arbitration clause should be enforced. Once the trial court has ruled on the motion to compel arbitration, the parties may appeal pursuant to Tenn. R. App. P. 3(a) and Tenn. Code Ann. § 29-5-319 or, if necessary, Tenn. R. App. P. 9 or 10.[4] We also tax the costs of this appeal to Ed Boyd Excavating, Inc. for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
BEN H. CANTRELL, JUDGE

_____

[4]Tenn. Code Ann. § 29-5-319 permits an appeal as of right from an order denying an application to compel arbitration or an order granting an application to stay arbitration. An order compelling arbitration is not appealable as of right, *Peters v. Commonwealth Associates*, App. No. 03A01-9508-CV-00295, 1996 WL 93768, at *2 (Tenn. Ct. App. March 5, 1996) (No Tenn. R. App. P. 11 application filed); *Anderson County v. Architectural Techniques Corp.*, App. No. 03A01-9205-CH-00184, 1993 WL 5921, at *1 (Tenn. Ct. App. January 14, 1993) (No Tenn. R. App. P. 11 application filed), but may be reviewed pursuant to Tenn. R. App. P. 9 or 10.